UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| vs. ) | **CASE NO.  4:13-CR-0394-SLB** |
| ) | |
| **PHILLIP DON SCOTT,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

This case is presently pending before the court on defendant Phillip Don Scott's Motion to Reconsider Order Denying First Motion to Suppress.  (Doc. 50.)[1]  In support of his Motion to Reconsider, Scott argues that Alabama law does not require a driver to use his turn signal when changing lanes and, therefore, Captain Amos had no cause to stop him based on his failure to signal his lane change.  (*Id.* at 2-4.)  The court disagrees.

In its Memorandum Opinion and Order, (doc. 49), this court held:

> Alabama law provides, "No person shall turn a vehicle or move right or left upon a roadway unless and until such movement can be made with reasonable safety nor without giving an appropriate signal in the manner hereinafter provided;" the manner of "giving an appropriate signal" is described as giving a signal "continuously during not less than the last 100 feet traveled by the vehicle before turning."  Ala. Code § 32-5A-133(a) and (b). Based on the court's finding that Scott activated his turn signal at the same time he began to move into the turn lane, the court finds Captain Amos had probable cause to stop Scott for failing to signal his move into the turn lane in accordance with Alabama law.

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

(Doc. 49 at 7.)  Scott contends that Ala. Code § 32-5A-133 "only mandates turn signals in conjunction with an actual turn from one path or roadway towards a different path or roadway, and not with the changing of lanes."  (Doc. 50 at 2.)  For support of this interpretation of Alabama law, he cites the *Alabama Driver Manual*, which states that a driver "should" use his signal when changing lanes.  (*Id*. [citing doc. 49-1 at 67].)  However, the *Alabama Driver Manual* is not intended to be a statement of Alabama law.  (*See* doc. 49-1 at 5 [stating that the *Alabama Driver Manual*' "is not intended . . . to be an official legal reference to all traffic laws in Alabama."].)

Based on the court's finding that Scott moved into the turn lane without giving an appropriate signal, the court found Captain Amos had probable cause to stop Scott.  (Doc. 49 at 7.)  The plain and unambiguous language of § 32-5A-133(a) requires a driver to give an "appropriate signal" before "mov[ing] right or left upon a roadway."  This language does not indicate that use of an "appropriate signal" before changing lanes is only a suggestion, as Scott contends.  Rather, the language of § 32-5A-133(a) clearly mandates an appropriate signal before a driver changes lanes.  *Id*. ("No person shall . . . move right or left upon a roadway . . . without giving an appropriate signal.").  Scott has not presented any issue that would cause the court to reconsider its Order.

Therefore, defendant's Motion to Reconsider Order Denying First Motion to Suppress, (doc. 50), is **DENIED**.

**DONE**, this 9th day of April, 2014.

*/s/ Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE